UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR M. FLORES,<br><br>        Plaintiff,<br><br>v.<br><br>RENO DISPOSAL CO., INC.; et al.,<br><br>        Defendants. | 3:13-CV-0029-LRH-VPC<br><br>ORDER |

Before the court is defendants Reno Disposal Co., Inc. ("RDC") and Waste Management of Nevada, Inc.'s ("WM") (collectively "defendants") motion to dismiss. Doc. #10.[1] Plaintiff Victor M. Flores ("Flores") filed an opposition (Doc. #22) to which defendants replied (Doc. #24).

**I.  Facts and Procedural History**

Plaintiff Flores was employed by defendant RDC and was terminated on March 13, 2012, for allegedly violating company policy. At the time of his discharge, Flores was a member of the Teamsters, Chauffeurs, Warehousemen & Helpers and Professional, Clerical, Public and Miscellaneous Employees, Local Union No. 533 of Donner and The Tahoe Basin, Reno and Northern Nevada ("Local 533"). During Flores' time of employment, Local 533 had a collective bargaining agreement ("CBA") with defendants.

---

[1] Refers to the court's docket number.

On November 29, 2012, Flores filed a complaint against defendants alleging two causes of action: (1) Title VII discrimination; and (2) wrongful discharge. Doc. #1, Exhibit 2. Thereafter, defendants filed the present motion to dismiss Flores' claim for wrongful discharge. Doc. #10.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

1  (internal quotation marks omitted). The court discounts these allegations because "they do nothing
2  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
3  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
4  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
5  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

6  **III.     Discussion**

7  In their motion, defendants argue that Flores' claim for wrongful discharge is preempted by
8  Section 301 of the Labor Management Relations Act and should be dismissed for failure to exhaust
9  the grievance procedures of the CBA. *See* Doc. #10. The court agrees.

10  Section 301 of the Labor Management Relations Act ("LMRA"), found at 29 U.S.C. § 185,
11  vests district courts with jurisdiction over suits alleging a violation of a collective bargaining
12  agreement. 29 U.S.C. § 185(a). Section 301 extends not only to "claims founded directly on rights
13  created by collective bargaining agreements, [but] also [to] claims which are substantially
14  dependent on analysis of a collective bargaining agreement." *Adkins v. Mireles*, 526 F.3d 531, 539
15  (9th Cir. 2008). "The preemptive force of Section 301 is so powerful that it displaces entirely any
16  state cause of action for violation of a collective bargaining agreement and any state claim whose
17  outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Assoc.*,
18  854 F.2d 1142, 1146 (9th Cir. 1988).

19  Here, the court finds that Flores' claim for wrongful discharge is preempted by Section 301
20  because his claim requires the interpretation of the underlying CBA. Specifically, the CBA governs
21  defendants' rights to discipline and discharge employees for violations of company policy. Thus,
22  resolution of Flores' wrongful discharge claim necessarily depends on the interpretation and
23  analysis of the CBA terms. Moreover, "[w]rongful discharge claims are precisely the kinds of
24  claims that are usually preempted, since such claims typically amount to allegations that an
25  employer had breached a CBA." *Berrymen v. Caesar's Palace*, 2012 U.S. Dist. LEXIS 23565, *9
26  (D. Nev. 2012). Therefore, the court finds that Flores' claim is preempted by Section 301.

1       Where, as here, a claim is preempted by Section 301, an employee's remedies lie
2 exclusively within the collective bargaining agreement. In this action, Flores has failed to exhaust
3 the grievance procedures outlined by Article 12 of the CBA because he filed his claim for wrongful
4 discharge prior to initiating arbitration procedures through the union. Accordingly, the court shall
5 grant defendants' motion to dismiss.

7       IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #10) is
8 GRANTED. Plaintiff's second cause of action for wrongful discharge is DISMISSED.
9       IT IS SO ORDERED.
10       DATED this 9th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE